J. A. CREECH v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 19 September, 1917.)

1. **Carriers of Passengers—Ejecting Passengers—Connecting Lines — Principal and Agent.**

   A railroad agent selling a passenger a ticket to his destination, receiving the price therefor, acts as the agent of each of the connecting lines over which the ticket is sold; and where the conductor on one of them assumes to have the ticket corrected at a station on his line, and the destination is erroneously changed by him or the ticket agent there, they act as agents for the remaining lines of travel, making such connecting roads liable in damages for an ejection of the passenger caused by their error.

2. **Carriers of Passengers—Ejection of Passengers—Contracts—Rights of Passengers.**

   Upon the wrongful ejection of a passenger from a train, who has paid his fare to his destination, he may stand upon his rights under his contract of carriage, and it is not required that he pay any additional price for being transported the intervening distance.

3. **Carriers of Passengers — Ejection of Passengers — Damages — Mental Anguish—Notice.**

   Where the conductor on a passenger train has wrongfully ejected a passenger before reaching his destination, and was informed at the time by the passenger that such would prevent his getting to the corpse of his father before burial, the railroad company is liable for the consequent mental anguish thereby caused.

APPEAL by defendant from *Cox, J.,* at February Term, 1917, of JOHNSTON.

This is an action by a passenger for wrongful ejection from defendant's train. The plaintiff, who lived with his father near Selma, N. C., was attending school at Dayton, Va., when he received a telegram that his father was dead. He borrowed money to buy his ticket home, and at Harrisonburg, Va., on Baltimore and Ohio Railroad, the nearest depot, he bought a through ticket to Selma, N. C. At Staunton, Va., he changed to train of Chesapeake and Ohio Railroad for Richmond. The conductor on that train told him that his ticket was not good. Plaintiff explained to him that his father was dead, and he was trying to get home to the funeral. The conductor told him that he would have the agent at Charlottesville to fix it. At Charlottesville the conductor went into the ticket office with the ticket and afterwards gave the ticket back to the plaintiff, who went on to Richmond, where he again changed cars and boarded the defendant's train for Selma. When the defendant's conductor came around he told plaintiff that he was on the wrong train; that Thelma was on the Seaboard Railroad line. The plaintiff told him that he had bought the ticket at Harrisonburg, Va., to Selma,

N. C., on the defendant's line; that his father was dead, and he would not like to be delayed, and asked the conductor to wire back to Harrisonburg and ascertain that he bought the ticket there for Selma, offering to pay for the telegram; that he would pay the fare to Selma, but he had only 50 cents in his pocket, and had borrowed the money to buy the ticket he had. The conductor thereupon put him off at 9 o'clock at night a mile and a half from Richmond, to which place he had to walk back. The fare he paid at Harrisonburg was $7.95, which was the price of the ticket from Harrisonburg, Va., to Selma, N. C., and more than the cost of the ticket from Harrisonburg to Thelma, of which place the plaintiff said he had never heard before. His father was buried before the plaintiff reached home.

The defendant moved for a nonsuit, which was denied. Verdict and judgment for plaintiff. Defendant appealed.

*Wellons & Wellons and Manning & Kitchin for plaintiff.*
*Abell & Ward for defendant.*

CLARK, C. J. The only question presented by the appeal is the refusal to nonsuit. When the railroad company, through its agent at Harrisonburg, sold the plaintiff a through ticket to Selma, N. C., he was acting as agent for the defendant road as to its part of the line, and its part of the money received was received by him on behalf of the defendant company. The ticket on its face stated that the issuing company acted as the agent only of the other companies. It does not appear, and it is not claimed, that there was any error in that ticket. When the agent at Charlottesville, at the instance of the conductor, changed the ticket, so that *"Thelma"* was written in lieu of *"Selma,"* he was acting as agent for the two companies over whose lines the plaintiff had still to travel to reach Selma. The error thus made by the agent at Charlottesville was made by him, acting for the defendant company. For such mistake the defendant company was liable. The evidence does not show how the change was made from Selma to *Thelma*. It may be that the conductor or the Charlottesville agent lisped. That, however, is merely a surmise. It does appear, however, from the unquestioned evidence that the plaintiff had a ticket from Harrisonburg to Selma; that it was changed by the agent at Charlottesville, at the instance of the conductor, and that in the mistake then made the plaintiff had no part, for he was not present with the conductor in the ticket office when the change was made and took the ticket which was handed to him.

The mistake was the mistake of the agent of the defendant and it is liable for damages in putting the plaintiff off. In *Norman v. R. R.,* 161 N. C., 330, the Court said: "Where a passenger asks and pays for a certain ticket and the station agent by mistakes gives him a different

one which does not entitle him to the passage desired, the conductor has no right to expel him, and the company is liable to damages if he is expelled. The passenger has a right to rely upon the agent to give him the right ticket." The Court goes on to say that though the conductor may be exonerated from blame personally in following his orders, the company is liable, for the expulsion was caused in such case by the error of the agent who sold the ticket. In the present case it would seem that the conductor was not entirely free from blame, because the plaintiff offered to pay for the telegram to the agent at Harrisonburg to ascertain the facts.

In *Hallman v. R. R.,* 169 N. C., 130, the plaintiff exchanged mileage for a ticket from Hickory to Winston, by Barber's Junction, upon the assurance of the agent that the train would there make connection for Winston, and if not, he could go by Salisbury and Greensboro to Winston on the same ticket. He missed the connection and offered to let mileage be pulled from his book for the difference in the two routes. This was refused. He declined to pay the extra fare in money and was ejected. This Court sustained the recovery of damages on the ground that the company is liable for damages for the expulsion of a passenger caused by the mistake of the agent, although the conductor was obeying a rule of the company. The defendant's liability was based upon the fact that the agent issuing the ticket misled the plaintiff.

In *Sawyer v. R. R.,* 171 N. C., 13, the plaintiff had bought a ticket from Norfolk, Va., to New Bern, N. C. It was necessary for him to change cars at Chocowinity. The conductor on the train from Norfolk took up the plaintiff's ticket and failed to return it to him, but gave him the usual conductor's check. At Chocowinity he took the train for New Bern. The new conductor demanded his ticket and refused to recognize his check. The plaintiff was ejected. The Court sustained the recovery, and said it was negligence in the first conductor in not returning the ticket when he knew the passenger was to change at Chocowinity, and there was negligence also on the part of the other conductor, who could have satisfied himself by inquiring of two men who had come in on the same train from Norfolk with the plaintiff. The plaintiff did not have money to pay his way. But the Court further said that as the plaintiff was rightfully on the train, it was not incumbent upon him to pay a second time and to be at the expense of counsel fees and court costs to recover back the excess; that it would be as fair to require the carrier to take the passenger to his destination and sue him to recover the fare which he should have paid, adding: "But neither is required to do this. Each party can stand upon its rights, if he so chooses. This has been often held. *Harvey v. R. R.,* 153 N. C., 575, and cases there cited."

There are numerous cases which hold that under circumstances of this kind the conductor should listen to reasonable explanation and use proper means to ascertain whether the passenger's statements are correct, for notwithstanding the conductor may be obeying a rule of the company, it will be liable for the wrongful ejection of a passenger. 5 A. and E., 602.

There are a few contrary decisions in some of the other States, but the weight of authority is in accordance with the rule laid down by this Court. The cases on both sides are collected in the notes to *Melody v. R. R.*, 24 Ann. Cas., 730.